UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

------------------------------------------------------------------------ X
KATELYN WILCOX,  :  CIVIL ACTION NO.
 :
           Plaintiff,  :
 :
-against-  :
 :
POUR DECISION, LLC D/B/A WATER WORKS  :
BAR AND GRILL AND JOSHUA BEAUDRY,  :
 :  FEBRUARY 12, 2020
           Defendants.  :
------------------------------------------------------------------------ X

## COMPLAINT

**I.    NATURE OF THE ACTION**

1. This action is brought to recover unpaid wages and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq.* ("CMWA").

**II.    THE PARTIES**

2. Plaintiff Katelyn Wilcox is an individual residing at all relevant times in Norwich, Connecticut.

3. Defendant Pour Decision, LLC d/b/a "Water Works Bar and Grill" was a Connecticut company with its principal place of business located at 685 North Main Street, Norwich, Connecticut 06360.

4. Defendant Pour Decision, LLC operated a bar/restaurant doing business as "Water Works Bar and Grill" located at 685 North Main Street, Norwich, Connecticut.

5. Defendant Joshua Beaudry ("Beaudry") owned Pour Decision, LLC and served as its President and Manager.

6. Defendant Pour Decision, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

7. Defendant Pour Decision, LLC had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Defendant Pour Decision, LLC had an annual gross volume of sales projected to be in excess of $500,000.

9. At all relevant times, Defendant Beaudry has had power over personnel decisions at Pour Decision, LLC, including the power to discipline employees, hire and fire employees, set employee wages, set employee schedules, and otherwise control the terms and conditions of employment at Defendant Pour Decision, LLC. For example, Defendant Beaudry set Plaintiff's rate of pay, scheduled her hours, and supervised her work.  Defendant Beaudry is the person responsible for the wage violations described herein.

**III.     JURISDICTION**

10. The United States District Court for the District of Connecticut has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337 because it assert a claim under the FLSA.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**IV.     VENUE**

11. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as Pour Decision, LLC, was located within the State of Connecticut, and was subject to this Court's personal jurisdiction.

### V.   PLAINTIFF'S FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendants from approximately January 2018 to September 2019, and she performed various roles and job duties during her employment.

13. Prior to the bar/restaurant opening, Plaintiff spent many hours preparing for the opening, including cleaning, decorating and publicizing the bar/restaurant. Once the bar/restaurant was open for business, in March 2018, Plaintiff worked as bartender, waitress, and line cook at Water Works Bar and Grill. On the few days the bar/restaurant was not open for business, Plaintiff spent most of the day cleaning and making minor repairs at the bar/restaurant. Plaintiff also spent many hours posting to online social media to create more interest in the bar/restaurant to bring more customers in, as well as arranging special occasion celebrations and live music acts to perform at the bar/restaurant. More than 20% of her work hours were spent doing non-tipped work, such as cleaning, cooking, arranging special promotions and music, and opening and closing the bar/restaurant.

14. During her employment with Defendants, Plaintiff was not paid hourly wages for her work at Water Works Bar and Grill. Plaintiff was permitted to keep any tips she received, but was not otherwise compensated for her work throughout her employment with Defendants. Defendants did not pay Plaintiff any compensation for her "straight time" hours.

15. Throughout her employment with Defendants, Plaintiff regularly worked approximately sixty-five (65) to eighty-five (85) hours per week, and frequently worked seven days per week and holidays.

16. Defendants did not pay Plaintiff for her overtime hours at the required overtime rate of one and one half (1½) times her regular hourly rate of pay. In fact, Defendants did not pay Plaintiff any wages throughout her employment with Defendants, straight time or overtime.

17. Plaintiff complained to Defendants about their failure to pay her wages, but Defendants refused to pay Plaintiff for any of her hours worked.

18. Plaintiff's last day of work was on September 4, 2019.  Late in the evening on that date, Defendant Beaudry intentionally locked Plaintiff inside of the facility out of anger.  She was locked inside the facility for several hours, and did not have a key to open the door and escape.  Defendant Beaudry did not return to the facility to open the door and allow Plaintiff to leave until after 1:00 a.m.  When Defendant Beaudry did return and allowed Plaintiff to leave, he was angry and abusive towards her.

19. During her employment, Defendants failed to pay Plaintiff for her hours worked, as required by the FLSA and CMWA, including overtime for all the hours she worked in excess of forty per work week.

## COUNT ONE
## Violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

20. Based on the foregoing, Defendants violated the minimum wage and overtime requirements of the FLSA.

21. The FLSA requires Defendants to pay at least minimum wage for all hours worked in a work week.

22. The FLSA requires Defendants to pay overtime compensation for all hours worked in excess of forty hours in a work week at the rate of one and one half (1½) times the regular hourly rate.

23. Defendants failed to pay Plaintiff the minimum wage for all hours worked, as well as full overtime compensation for all hours worked in excess of forty hours per work week to which she was entitled, thereby violating the FLSA and its implementing regulations.

24. Defendants were aware that the practices described in this Complaint were unlawful, and knowingly and intentionally violated the FLSA.

25. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover damages, including unpaid wages, unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and costs of the action.

## COUNT TWO:
## Violation of Connecticut Minimum Wage Act

26. Based on the foregoing, Defendants also violated the minimum wage and overtime requirements of the CMWA.

27. Under the CMWA and its implementing Regulations, Defendants were required to pay Plaintiff at least minimum wage for all hours worked, and one and one (1½) half times the regular rate of pay for all hours worked in excess of forty hours in a work week.

28. Defendants failed to pay Plaintiff the straight time or full overtime wages to which she is entitled to under the CMWA.

29. Defendants willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff straight and overtime wages.

30. Because of Defendants' willful violations of the CMWA, Plaintiff is entitled to recover unpaid wages, unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## COUNT THREE:
### Unjust Enrichment

32. Based on the foregoing, Defendants are also liable to Plaintiff for an unjust enrichment under Connecticut law.

33. Defendants profited from the services provided by Plaintiff from January 2018 through September 2019, including cleaning, decorating, advertising and promoting, bartending, waitressing, cooking, ordering food and beverages, arranging promotional and live music events, and opening/closing of the premises on a daily basis.

34. Defendants failed to pay Plaintiff any wages for her services from January 2018 through September 2019, including cleaning, decorating, advertising and promoting, bartending, waitressing, cooking, ordering food and beverages, arranging promotional and live music events, and opening/closing the premises on a daily basis.

36. Plaintiff has been harmed by Defendants' failure to pay wages for her services from January 2018 through September 2019.

37. Plaintiff seeks damages including lost wages, costs and attorney's fees.

## COUNT FOUR:
### FALSE IMPRISONMENT

38. Based on the foregoing, Defendants subjected Plaintiff to false imprisonment by unlawfully restraining Plaintiff's physical liberty.

39. Defendants physically restrained Plaintiff's liberty against her will, and Plaintiff did not consent to the restraint, or acquiesce in it willingly.

40. Defendants' actions were undertaken for the purpose of imposing a confinement against Plaintiff without her consent, or with the knowledge that such a confinement would, to a substantial certainty, result from those actions.

6

41. As a result of Defendants' violation of her rights, Plaintiff has suffered emotional distress.

42. Defendants also acted with reckless disregard for Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a. declaring that Defendants have violated the wage and overtime wage provisions of the FLSA and the CMWA;

    b. declaring that Defendants' violations of the FLSA and CMWA were willful;

    c. awarding Plaintiff damages for unpaid wages;

    d. awarding Plaintiff damages for unpaid overtime wages;

    e. awarding Plaintiff liquidated damages and double damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the CMWA;

    f. awarding Plaintiff pre- and post-judgment interest under the FLSA and the CMWA;

    g. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the CMWA;

    h. awarding Plaintiff compensatory damages;

    i. awarding Plaintiff common law punitive damages; and

    j. awarding such other and further relief as the Court deems just and proper.

**Jury Demand**

Plaintiff hereby demands a trial by jury.

                PLAINTIFF, KATELYN WILCOX

      By:      */s/William G. Madsen*
            William G. Madsen (ct 09853)
            Madsen, Prestley & Parenteau, LLC
            402 Asylum Street
            Hartford, CT 06103
            P: (860) 246-2466
            F: (860) 246-1794
            wmadsen@mppjustice.com