## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
KATELYN WILCOX               :    Case No. 3:20CV00207(MPS)
                             :
v.                           :
                             :
POUR DECISION, LLC D/B/A     :    September 9, 2020
WATER WORKS BAR AND GRILL,   :
AND JOSHUA BEAUDRY           :
                             :
-----------------------------x
```

## ORDER GRANTING JOINT MOTION FOR
## PARTIAL DISMISSAL WITH PREJUDICE [Doc. #33]

Plaintiff Katelyn Wilcox ("plaintiff") and defendants Pour Decision, LLC D/B/A Water Works Bar and Grill and Joshua Beaudry ("defendants") have filed a joint motion for partial dismissal. [Doc. #33]. For the reasons set forth below, the motion is **GRANTED**.

## I.    Background

Plaintiff filed her Complaint on February 13, 2020, bringing claims alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§31-58 et seq. ("CMWA"), as well as state law tort claims for unjust enrichment and false imprisonment. [Doc. #1].

On April 30, 2020, the parties filed the 26(f) Report, which included a request that the matter be referred to a Magistrate Judge for an early settlement conference. See Doc.

#16 at 4. On May 27, 2020, Judge Michael P. Shea referred the case to the undersigned for a settlement conference. [Doc. #19]. On July 8, 2020, the parties participated in a settlement conference with the undersigned, by Zoom videoconferencing. [Doc. #25]. During the conference the parties reached an agreement in principle to resolve the case pending a joint motion to approve the settlement agreement. [Doc. #26]. On July 15, 2020, the parties consented to the jurisdiction of a United States Magistrate Judge. [Doc. #27]. On July 16, 2020, the case was transferred to the undersigned for further proceedings. [Doc. #29].

On August 3, 2020, the parties filed a "Joint Motion for Final Approval of Settlement of FLSA Claims and Dismissal with Prejudice," requesting that the Court approve a written settlement agreement and incorporate the terms of that agreement into an Order of Dismissal.[1] [Doc. #30]. On August 20, 2020, the undersigned held a telephonic status conference with all counsel to discuss the terms of the proposed settlement agreement. [Doc. #32]. Following that conference, the parties filed a Joint Motion for Partial Dismissal with Prejudice. [Doc. #33]. The motion contains a typographical error, requesting that "Counts

---

[1] The parties also requested that the Court retain jurisdiction over this matter until the terms of the settlement had been completed. See Doc. #30 at 4. However, during the August 20, 2020, Telephonic Status Conference, that request was withdrawn.

One and Two of the Complaint be dismissed with prejudice ... and that the Court retain jurisdiction of the remaining Counts Two and Three." Doc. #33 at 1. The Court construes the motion as requesting that the Court dismiss counts one and two, and that it retain jurisdiction over counts three and four, given the parties' statements on the record during the aforementioned telephonic status conference. [Doc. #32].

## II.  **Rule 41(a)**

The parties seek dismissal of counts one and two pursuant to Federal Rule of Civil Procedure 41(a), which provides in relevant part: "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, the Court finds it proper to dismiss counts one and two, the wage claims. This case is in fact mainly focused on common law tort claims of unjust enrichment and false imprisonment. During the course of the settlement discussions, it became apparent that plaintiff's damages allegations center on these common law claims, which arose, as a practical matter, out of the breakdown of a personal relationship between the individual parties, rather than on statutory wage claims. This focus is also clear from the proposed settlement agreement, which allocates just <u>four</u> <u>percent</u> of the total proposed payment to wages.

"Although the FLSA places strict limits on an employee's ability to waive claims for fear that employers would otherwise coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here[.]" Ansari v. 1/0 Capital, LLC., No. 16CV03494(JMF), 2017 WL 10436077, at *1 (S.D.N.Y. Feb. 24, 2017) (citation and quotation marks omitted). Plaintiff in this case no longer works for or with defendant. As is the case here, in Ansari, the plaintiff's FLSA claims comprised "only a minor portion" of plaintiff's "overall case against Defendants, which hinged primarily on allegations of age discrimination[.]" Ansari, 2017 WL 10436077, at *1. It is apparent to the Court, based on the discussions in the settlement conference and the terms of the proposed settlement agreement, that the parties here are focused primarily on the resolution of counts three and four, the common law tort claims, as opposed to the wage claims.

It is true that "[n]otices of dismissal ... should not be used in FLSA cases as a mechanism to effect an end-run around the policy concerns articulated in Cheeks[ v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015).]" Gallardo v. PS Chicken, Inc., 285 F. Supp. 3d 549, 552 (E.D.N.Y. 2018) (citation and quotation marks omitted). Here, however, the parties have no apparent motive to evade judicial review of the resolution of the wage claims. The settlement agreement has been

4

provided to the Court, and the Court will review the proposed settlement agreement for fairness in spite of the dismissal of the wage claims, to ensure that no such evasion occurs. Thus, the Court finds it proper to dismiss counts one and two of the Complaint.

## III. <u>Retention of Jurisdiction Over Counts Three and Four</u>

The parties also request that the Court retain jurisdiction over the common law claims in counts three and four. <u>See</u> Doc. #33 at 1.

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. §1367(a). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988). "[A] district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in [<u>Utd. Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966)]: economy, convenience, fairness, and comity." <u>Jones v. Ford Motor Credit Co.</u>, 358 F.3d 205, 214 (2d

Cir. 2004); see also Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018) ("Nor does the record lend itself to an understanding as to how convenience or fairness was served by setting backwards the course of a case the parties had vigorously litigated for nearly two years and causing them to expend who knows how much time, legal fees, and distraction starting over in state court.").

Here, the parties have been litigating for the better part of the year and have now reached a resolution that is acceptable to both sides. It would not serve the principles of judicial economy, convenience, fairness, and comity to force the parties to start over in state court, when the matter has been fully resolved here in federal court. Thus, the Court finds it appropriate to retain jurisdiction over the remaining common law claims.

**IV.  Conclusion**

For the reasons set forth herein, the parties' Joint Motion for Partial Dismissal with Prejudice [**Doc. #33**] is **GRANTED**. Counts one and two are dismissed with prejudice, and the Court retains jurisdiction over counts three and four.

SO ORDERED at New Haven, Connecticut, this 9th day of September 2020.

/s/
_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
